UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward F. Blohm,

    Plaintiff,                                    Case No. 1:16cv591

    v.                                          Judge Michael R. Barrett

Wilmington City Schools, *et al.*,

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendants' Motion to Dismiss. (Doc. 4) Plaintiff filed a Response in Opposition (Doc. 6), and Defendants filed a Reply (Doc. 8). Thereafter, Plaintiff filed a Notice of Supplemental Authority, and Defendants filed a Response to Plaintiff's Notice. (Docs. 13, 15).

### I. BACKGROUND

The following recitation of facts is based upon the allegations in the Complaint. Plaintiff Edward F. Blohm, was employed by Defendant Wilmington City Schools Board of Education ("the Board") as an Athletic Director and Human Resources Director for Defendant Wilmington City Schools. (Doc. 1, ¶ 9-10). Defendant Ron Sexton is the Superintendent for Wilmington City Schools. (Id., ¶ 4).

At the time of the filing of the Complaint, Plaintiff was 63-years old. (Id., ¶ 8). Plaintiff was employed by the Board under the terms of a 3-year contract which began on July 1, 2012 and was set to expire on June 30, 2015. (Id., ¶ 11). On January 6, 2015, Sexton told Plaintiff that the Board did not intend to renew Plaintiff's contract when it expired on June 30, 2015. (Id., ¶ 19).

Plaintiff maintains that pursuant to Ohio Revised Code § 3319.02(D), he was entitled to: (1) an annual evaluation by Sexton or his designee in each year of his contract; and (2) a preliminary and final review in the final year of his contract. (Id., ¶ 12). Plaintiff was not evaluated in the 2012/2013 school year, and while he was provided with a preliminary review in the final year of his contract, he was not provided with a final review. (Id., ¶ 13). Plaintiff maintains that because the Board failed to perform these evaluations, pursuant to Ohio Revised Code § 3319.02(D), he was to be automatically re-employed by operation of law for two years following the expiration of his contract on June 30, 2015. (Id., ¶ 14).

On January 9, 2015, Plaintiff was exiting his office at the same time that various Board members were leaving a meeting. (Id., ¶ 20). Plaintiff overheard a person whom he believes was member of the Board, Bill Liermann, saying to an unknown individual that non-renewing Plaintiff's contract would give the Board "a chance to get some younger blood" in his role. (Id., ¶ 20).

Beginning in February of 2015, Sexton began pressuring Plaintiff to tell him when Plaintiff planned to retire. (Id., ¶ 23). On February 24, 2015, Board member Kevin Snarr told Plaintiff that the Board would agree to renew his contract for two years at the March meeting of the Board if Plaintiff submitted a resignation/retirement notice effective December 31, 2016. (Id., ¶ 24). On March 18, 2016, Plaintiff submitted a retirement/resignation notice. (Id., ¶ 26). Plaintiff claims that he submitted the notice solely because the Board made renewal of his contract contingent upon his doing so, and he did not wish to retire on December 31, 2016. (Id., ¶ 27). On March 23, 2015,

2

the Board renewed Plaintiff's contract, subject to Plaintiff's resignation/retirement on December 31, 2016. (Id., ¶ 28). On May 26, 2016, Plaintiff revoked his resignation/retirement notice by letter to Sexton and the Board. (Id., ¶ 29).

Plaintiff brings claims for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* and Ohio Revised Code Chapter 4112; and a contract claim for "lack of consideration" based upon Ohio Revised Code § 3319.02(D).

Defendants argue that Plaintiff's Complaint fails to state a claim and moves for dismissal of all claims under Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

### A. Standard of review

In reviewing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

**B. <u>Age discrimination</u>**

The ADEA prohibits an employer from discharging an individual "because of such individual's age." 29 U.S.C. § 623(a)(1).[1] Similarly, Section 4112.14 of the Ohio Revised Code provides that no employer shall "discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job." Ohio Rev. Code § 4112.14(A). Age discrimination claims brought under the Ohio statute are "analyzed under the same standards as federal claims brought under the [ADEA]." *Wharton v. Gorman–Rupp Co.*, 309 Fed.Appx. 990, 995 (6th Cir. 2009) (quoting *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012)).

Under the ADEA, a claim of age discrimination may be proven either by direct or by circumstantial evidence. *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 723 (6th Cir. 2012) (citing *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003)). To prevail, "it is not sufficient for the plaintiff to show that age was a motivating factor in the adverse action; rather, the ADEA's 'because of' language requires that a plaintiff 'prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision.'" *Scheick v. Tecumseh Pub. Sch.*, 766 F.3d 523, 529 (6th Cir. 2014) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)).

---

[1] The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the preceding calendar year . . . [and] any agent of such a person[.]" 29 U.S.C. § 630(a). The Sixth Circuit has explained that employees and supervisors are not included within this definition, and therefore the ADEA does not permit employees and supervisors to be sued in their individual capacities." *Ford v. Tennessee Human Rights Commission*, No. 99–5415, 2000 WL 125903 at *1 (6th Cir. Jan. 28, 2000). Plaintiff sued Ron Sexton in his official and personal capacities. (Doc. 1, ¶ 4). However, Defendants did not move to dismiss the claims against Sexton on this basis.

### 1. Direct evidence

"Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Id.* (quoting *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004)). In determining whether age was the "but for" cause of the employment decision, "the inquiry includes both a predisposition to discrimination and that the employer acted on that predisposition." *Id.* In evaluating "statements allegedly showing an employer's age bias," the Court considers whether the statements were: (1) made by a decision maker; (2) made in relation to the decision-making process; (3) not isolated, vague, or ambiguous; and (4) made proximate in time to the discriminatory act. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 478 (6th Cir. 2002).

The Court concludes that Plaintiff has sufficiently plead a claim based on direct evidence of discrimination. Three days after learning that his employment contract would not be renewed, Plaintiff alleges that he overheard one of the members of the Board, Bill Liermann, saying that not renewing Plaintiff's contract would give the Board "a chance to get some younger blood" in his role. (Doc. 1, ¶¶ 19-20). Therefore, to the extent that Defendants argue that Plaintiff has failed to state a claim of age discrimination based on direct evidence, Defendants' Motion to Dismiss is DENIED.

### 2. Circumstantial evidence

ADEA claims based on circumstantial evidence are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The plaintiff must first establish a *prima facie* case of discrimination by showing: "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that

support an inference of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The plaintiff can establish the fourth element by showing that a substantially younger person replaced the plaintiff, or by showing that similarly situated, non-protected employees were treated differently than the plaintiff. *Moore v. AMPAC*, 645 F. App'x 495, 498 (6th Cir. 2016) (citing *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521-22 (6th Cir. 2008)).

Defendants argue that Plaintiff has failed to meet his burden of establishing a *prima facie* case of age discrimination. However, the *prima facie* case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz*, 534 U.S. at 510). Accordingly, "the ordinary rules for assessing the sufficiency of a complaint apply." *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009). (quoting *Swierkiewicz*, 534 U.S. at 511). Therefore, the court must look to whether Plaintiff has "sufficiently pled 'a claim to relief that is plausible on its face.'" *Id.* at 728 (citing *Twombly*, 550 U.S. at 570).

In *Swierkiewicz*, the Supreme Court held that the plaintiff "easily satisfie[d]" the pleading requirements with a complaint that "detailed the events leading to his termination, provided relevant dates, and included the ages . . . of at least some of the relevant persons involved with his termination." 534 U.S. at 514, 122 S.Ct. 992. Defendants seem to argue that these facts are irrelevant because the adverse employment action alleged in the Complaint was the result of Plaintiff's decision to tender his resignation.

An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). In the Complaint, Plaintiff alleges that he was entitled to a two-year employment contract by operation of law, but was only given nineteen months of employment. (Doc. 1, ¶ 16). The decision to make the renewal of Plaintiff's contract contingent upon his resignation/retirement constitutes a significant change in employment status because Plaintiff was denied pay and benefits for that five month period. Moreover, "an employee's resignation may constitute a constructive discharge when the employee reasonably believed his termination to be imminent." *Harris v. Butler Cty., Ohio ex rel. its Sheriff's Dep't*, 344 F. App'x 195, 199 (6th Cir. 2009) (citing *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 554 (6th Cir. 2002)).

Therefore, to the extent that Defendants argue that Plaintiff has failed to state a claim of age discrimination based on circumstantial evidence, Defendants' Motion to Dismiss is DENIED.

### B. Ohio Revised Code §3319.02

Plaintiff alleges he was entitled to a two-year contract under Ohio Revised Code § 3319.02 (D)(5) because Defendants failed to evaluate him pursuant to Ohio Revised Code § 3319.02 (D)(2)(c). Defendants move to dismiss this claim based on Ohio Revised Code § 3319.02 (C), which provides: "If the superintendent so recommends, the term of the contract of a person who has been employed by the district or service center as an assistant superintendent, principal, assistant principal, or other

7

administrator for three years or more may be one year . . ." However, based on the allegations in the Complaint, Sexton did not recommend a contract for a one-year term. Instead, Plaintiff alleges that Board member Kevin Snarr told Plaintiff that the Board would agree to renew his contract for two years if he submitted a resignation/retirement notice. (Doc. 1, ¶ 24). Therefore, Defendants are not entitled to dismissal based on Ohio Revised Code § 3319.02 (C).[2]

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Dismiss. (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

                                                            */s/ Michael R. Barrett*
                                                            JUDGE MICHAEL R. BARRETT

---

[2] Defendants also argue that this Court does not have pendant jurisdiction over this claim. The Court rejects this argument. However, the Court questions whether this Court is the proper forum for this claim. *See State ex rel. Carna v. Teays Valley Local Sch. Dist. Bd. of Edn.*, 131 Ohio St. 3d 478, 480, 967 N.E.2d 193, 195 (Ohio 2012) (explaining that the plaintiff "brought suit in the Pickaway County Common Pleas Court requesting mandamus relief, which we have held to be the appropriate device for a school administrator to use when seeking reemployment, damages, or back pay for nonrenewal of an employment contract [under Ohio Revised Code § 3319.02(D)].") (citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 631 N.E.2d 150 (Ohio 1994)). Because Defendants did not raise that issue, the Court will not address it here.